Tosic v. Holder

BIA
Balasquide, IJ
A076 141 451

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of August, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

MIRSAD HAKO TOSIC,
> *Petitioner*,

v.                                                   11-4908

                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Andrew P. Johnson, New York, New
                         York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Douglas E.
                         Ginsburg, Assistant Director; Zoe J.
                         Heller, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mirsad Hako Tosic, a native of Yugoslavia and a citizen of Montenegro, seeks review of an October 28, 2011, decision of the BIA affirming the July 14, 2010, decision of Immigration Judge ("IJ") Javier Balasquide, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mirsad Hako Tosic*, No. A076 141 451 (B.I.A. Oct. 28, 2011), *aff'g* No. A076 141 451 (Immig. Ct. N.Y. City July 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). For asylum applications submitted prior to the passage of the REAL ID Act, such as Tosic's application, an adverse

2

credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding," and any discrepancy must be "substantial" when measured against the record as a whole. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307-08 (2d Cir. 2003) (internal quotation marks omitted), *superseded by the REAL ID Act as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam). The agency's adverse credibility determination is supported by substantial evidence.

In finding Tosic not credible, the agency reasonably relied on the inconsistency between Tosic's assertion in his asylum applications that he was ethnically Albanian and his later testimony before the IJ that he was not ethnically Albanian. *See Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir. 2004) (noting that the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements . . . about matters material to [an applicant's] claim of persecution") (internal quotation marks omitted), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc). Tosic argues that this inconsistency does not "reveal [anything] about [his] credibility." To the extent that Tosic is

3

asserting that his ethnicity bears no legitimate nexus to the agency's adverse credibility determination, his argument is without merit because his alleged fear is based in part on his wife's Albanian ethnicity. Furthermore, the agency was not required to credit Tosic's explanation that the inconsistency was caused by preparer's error as that explanation was undermined by his testimony that he claimed to be ethnically Albanian because he was "afraid." *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Having questioned Tosic's credibility, the agency reasonably relied further on his failure to provide sufficient evidence to corroborate his claim, including any evidence of his financial support of the independence of Montenegro. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) (an asylum applicant's failure to corroborate his testimony may bear on his credibility, "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). The agency was not required to credit Tosic's explanations that he could not obtain

4

corroboration because he sent the money in cash and because his mother was not educated. *See Majidi*, 430 F.3d at 80-81. As the agency noted, Tosic's mother supplied an affidavit that did not mention Tosic's support of the independence of Montenegro, even though he alleged that his mother was visited monthly by Serbian nationals who were seeking Tosic because of that financial support.

In sum, the adverse credibility determination is supported by substantial evidence, and the agency did not err by denying asylum, withholding of removal, and CAT relief because those claims all were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5